IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **Michael Murray,** | § | |
| **Plaintiff ,** | § | |
| | § | |
| | § | **Civil Action No.** |
| | § | |
| | § | |
| **Exxon Mobil Corporation.,** | | |
| **& XTO Energy Inc** | § | |
| **Defendants** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Michael Murray (hereinafter "Plaintiff"), and files this his Original Complaint and Jury Demand against Exxon Mobil Corporation and XTO Energy, Inc. (hereinafter "Defendants") concerning certain grievances arising under the Age Discrimination and Employment Act of 1967, as amended ("ADEA") and Chapter 21 of the Texas Labor Code. In support thereof, Plaintiff respectfully states as follows:

**I.
JURISDICTION AND VENUE**

1. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C § 1331 and 1343(a)(4). The Court has original jurisdiction. The Court has supplemental jurisdiction over Plaintiff's claims under the Texas state law because those claims are so related to claims in the action with the Court's original jurisdiction such that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

2. Personal jurisdiction exists generally over Defendant because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas, Sherman Division.

3. Venue is proper in this district under 28 U.S.C. § 1391(a)-(d).

## II.
## PARTIES

4. Plaintiff is a male individual who is over 40 years old and who is a resident of Grayson County, Texas.

5. Defendant Exxon Mobile is a corporation with offices and production facilities in Texas and may be served with process by serving its registered agent.

6. Defendant XTO Energy, Inc. is a corporation with office and production facilities in Texas and may be served with process by serving its registered agent.

7. Defendant is an employer within the meaning of 29 U.S.C. §621 *et seq.* and the Texas Labor Code, Chapter 21 *et seq.*

## III.
## FACTUAL BACKGROUND

8. Plaintiff is a former employee of Defendants.

9. Plaintiff worked for Defendants from August 17, 2004 to September 6, 2021.

10. Plaintiff enjoyed his job and planned continue working before being discharged by Defendants on September 6, 2021.

11. Plaintiff was 60 years old at the time his employment with Defendant ended.

12. Plaintiff was subject to a hostile work environment.

13. Plaintiff was told by Rusty Williams, his production foreman, that he was being discharged because he was "retirement age."

14. Other, younger, less experienced employees were not subject to the intense scrutiny at the time Plaintiff was subject to such discrimination.

15. Other, younger, less experienced employees were not subject to discrimination at the time Plaintiff was subject to discriminatory termination.

16. Other, younger, less experienced employees were offered positions by Defendant.

17. Plaintiff was told he was not eligible for positions within Defendant's employ because he was "retirement age."

18. After suffering a hostile work environment, discrimination, disparate treatment, and retaliation, Plaintiff was forced to retire.

19. Plaintiff filed a timely joint complaint of discrimination with the Texas Workforce Commission Civil Rights Division and the Equal Employment Opportunity Commission.

20. Plaintiff received her right to sue letter.

## IV.
## CAUSES OF ACTION

A. **AGE DISCRIMINATION UNDER THE ADEA AND TEXAS LABOR CODE**

21. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 20 as if fully stated herein.

22. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claims under the ADEA and the TCHR.

23. Defendant's actions, including but not limited to the ultimate discharge of Plaintiff, were undertaken because of his age. These actions constituted a continuing violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. and the Texas Commission

on Human Rights Act, TEX LAB CODE §21.001, et seq.

24. Due to Defendant's actions, including but not limited to Plaintiff's ultimate discharge, Plaintiff has suffered, and continues to suffer, damages including, but not limited to, lost wages, both past and future, the value of fringe benefits, emotional pain, suffering, inconvenience, mental anguish, medical conditions and expenses related to stress, and loss of enjoyment of life.

25. Defendant's actions referenced in paragraphs 1-20 were willful, entitling Plaintiff to liquidated damages under the ADEA.

26. Defendant's actions referenced in paragraphs 1-20 were intentional, malicious, and committed with reckless indifference to Plaintiff's state-protected rights, entitling him to compensatory and punitive damages under the Texas Labor Code Chapter 21.

27. Defendant's actions referenced in paragraphs 1-20 have caused Plaintiff to seek representation by the undersigned counsel and Plaintiff hereby seeks his reasonable attorneys' fees, expert's fees, and costs as provided for under the ADEA and Texas Labor Code.

## V.
## JURY DEMAND

28. Plaintiff hereby demands a jury trial on all issues, claims, actions, and defenses against Defendant.

## VI.
## PRAYER

**WHEREFORE**, Plaintiff respectfully requests that the above-named Defendant be cited to appear in this matter and that, after jury trial by proof, Plaintiff be awarded:

a. Back pay, including but not limited to, lost wages (salary, bonuses, and commissions) and other employment and fringe benefits;

b. Reinstatement, or in the event that reinstatement is not feasible, front pay with respect to all pay and benefits Plaintiff would have received but for termination;

c. Actual damages;

d. Punitive and/or exemplary damages;

e. Liquidated damages in the maximum amount allowed by law;

f. Prejudgment and post-judgment interest as allowed by law;

g. Mental anguish and other compensatory damages;

h. Attorneys' fees, expert fees and costs of suit;

i. Injunctive relief prohibiting Defendant from continuing to engage in discriminatory and retaliatory practices;

j. Such other and further legal and/or equitable relief to which Plaintiff may be justly entitled, as this court may deem proper.

Respectfully submitted,

/s/ Brandon S. Shelby
**BRANDON S. SHELBY**
State Bar. No. 24046829
BShelby@ShelbyLawPLLC.com
**SHELBY LAW, PLLC**
PO Box 1316
Sherman, TX 75091
903-357-5101 – Phone
903-357-5102 – Fax
**ATTORNEY FOR PLAINTIFF**
**MICHAEL MURRAY**

Page 5: Plaintiff's Original Complaint