UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL MURRAY | § | |
| | § | |
| v. | § | CIVIL NO. 4:23-CV-919-SDJ |
| | § | |
| EXXON MOBIL CORPORATION, | § | |
| ET AL. | § | |

## **MEMORANDUM OPINION AND ORDER**

Exxon Mobil Corporation ("ExxonMobil") and XTO Energy, Inc. ("XTO") (collectively, "Defendants") move for summary judgment. (Dkt. #22). Plaintiff Michael Murray has not litigated this case beyond the Complaint. After consideration of the Defendants' motion and the applicable law, the Court concludes that the motion should be granted.

### **I. B**ACKGROUND

In 2004, XTO became Murray's employer by purchasing his place of employment. (Dkt. #22 at 9). In 2010, ExxonMobil acquired XTO, which continued as a separate subsidiary of ExxonMobil. (Dkt. #22-2 ¶ 3). After the merger, Murray continued as an XTO employee and was never employed by ExxonMobil. (Dkt. #22-2 ¶ 4).

In September 2021, XTO sold Murray's place of employment to Arcotex Oil & Gas, Inc. d/b/a BKM Production ("Arcotex"). (Dkt. #22 at 10). As a condition of the sale, XTO required Arcotex to "extend offers of employment to each of the [XTO] [e]mployees no later than fifteen (15) days prior to Scheduled Closing Date,"

guarantee the same or comparable salary for each employee for one year, and transfer accrued benefits. (Dkt. #22-4 at 43–44); (Dkt. #22 at 11).

Four employees in Murray's office, Benjamin Knight, Justin Espinosa, Rusty Williams, and Korey Ellet, were offered transfer positions with XTO because of their particular positions, skills, or high-performance ratings. (Dkt. #22-2 ¶ 11). Knight, Espinosa, and Williams all declined and accepted the job offers with Arcotex following the sale. (Dkt. #22 at 12). Ellet resigned from XTO after the sale. (Dkt. #22 at 13).

Although Arcotex extended Murray a job offer in accordance with the purchase agreement negotiated by XTO, Murray declined and was designated as retired. (Dkt. #22 at 13). XTO paid his retirement benefits in full. (Dkt. #22 at 13).

Murray's last day of employment with XTO was September 30, 2021. (Dkt. #22 at 14). On June 14, 2022, Murray filed a "Charge of Discrimination" with the Texas Workforce Commission and the Equal Employment Opportunity Commission, alleging discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA") (Dkt. #22-14 at 2). Shortly thereafter, Murray filed this action, alleging that Defendants discriminated against him on the basis of age in violation of the ADEA and the Texas Commission on Human Rights Act ("TCHRA"). (Dkt. #1).

## II. LEGAL STANDARD

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd ex rel. Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). A defendant is entitled to

summary judgment if he "identifies a lack of evidence to support the plaintiff's claim on an issue for which the plaintiff would bear the burden of proof at trial," unless the plaintiff proffers "summary judgment evidence sufficient to sustain a finding in plaintiff's favor on that issue." *Smith v. Harris Cnty.*, 956 F.3d 311, 316 (5th Cir. 2020) (citation omitted).

Because Federal Rule of Civil Procedure 56 requires that there be no "genuine issue of *material* fact" to succeed on a motion for summary judgment, "the mere existence of *some* alleged factual dispute" is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (first emphasis omitted). A fact is "material" when, under the relevant substantive law, its resolution might govern the outcome of the suit. *Id.* at 248. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Anderson*, 477 U.S. at 248). When a movant shows that the nonmovant failed to proffer sufficient evidence to establish an essential element of its claim, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"Courts consider the evidence in the light most favorable to the nonmovant, yet the nonmovant may not rely on mere allegations in the pleading; rather, the nonmovant must respond to the motion for summary judgment by setting forth

particular facts indicating that there is a genuine issue for trial." *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Compania Mexicana de Aviacion, S.A. de C.V.*, 199 F.3d 796, 798 (5th Cir. 2000). Further, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (citation omitted). Thus, the nonmovant must cite to the evidence it contends supports its opposition to the motion for summary judgment. *See* FED. R. CIV. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

Here, nonmovant Murray has failed to respond to Defendants' motion for summary judgment. Under Local Rule CV-7(d), "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Therefore, because Murray failed to respond, the Court accepts as undisputed all facts from Defendants' Motion for Summary Judgment and Brief in Support, (Dkt. #22), and proceeds to render a judgment on the questions of law. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

### III. DISCUSSION

**A. Age Discrimination Claim under Texas Law**

Under Texas law, a claimant seeking to file suit for employment discrimination must first exhaust administrative remedies by filing a complaint with the Texas Workforce Commission within 180 days of the alleged unlawful employment practice.

4

*Bunker v. Dow Chem. Co.*, 111 F.4th 683, 686 (5th Cir. 2024); *see also* TEX. LAB. CODE ANN. § 21.202(a). This deadline is "mandatory but not jurisdictional." *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 554 (5th Cir. 2020); *see also Fuhr v. City of Sherman*, No. 4:21-CV-549-SDJ, 2022 WL 828926, at *1 (E.D. Tex. Mar. 18, 2022).

Murray failed to meet this mandatory deadline. In his "Charge of Discrimination" to the Texas Workforce Commission and EEOC, Murray identified October 1, 2021, as the date of his termination.[1] (Dkt. #22-14 at 2). However, he filed that complaint on June 14, 2022, 256 days after the alleged unlawful employment practice. (Dkt. #22-14 at 2). Despite not being "a *jurisdictional* requirement, [administrative exhaustion] is still a requirement." *Stroy v. Gibson ex rel. Dep't of Veterans Affs.*, 896 F.3d 693, 698 (5th Cir. 2018) (original emphasis). Therefore, because Murray "offers no justification for his failure to exhaust" within the mandatory 180-day timeframe, the Court dismisses his claim under the TCHRA. *See id.* (upholding district court's grant of summary judgment due to failure to file within TCHRA's 180-day deadline).

### B. Age Discrimination Claim under ADEA

#### i.     **ExxonMobil is not a proper defendant.**

It is well established that a corporation must be an "employer" to be held liable under the ADEA. *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997). "The doctrine of limited liability creates a strong presumption that a parent

---

[1] Defendants identify September 30, 2021, as Murray's last day of employment. (Dkt. #22 at 13). As Murray comes nowhere near the 180-day deadline, the one-day disagreement is immaterial.

corporation is not the employer of its subsidiary's employees." *Id.* at 778 (citation omitted). To overcome this "strong presumption," a plaintiff must show that a parent corporation and its subsidiary are a "single employer" under the four-factor test adopted in *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983). *Lusk*, 129 F.3d at 777. The four factors include "(1) interrelation of operations, (2) centralized control of labor or employment decisions, (3) common management, and (4) common ownership or financial control." *Trevino*, 701 F.2d at 404.

Here, Murray fails to allege any relevant facts to establish that ExxonMobil and XTO are a "single employer." In his complaint, Murray mentions ExxonMobil only in his identification of the parties. (Dkt. #1 ¶ 5). Given Murray's silence, the Court concludes that ExxonMobil is not liable for the employment decisions of XTO and, thus, not a proper defendant. *See Reuter v. XTO Energy, Inc.*, No. 4:20-CV-01474, 2022 WL 784474, at *3 (S.D. Tex. Mar. 15, 2022), *report and recommendation adopted*, No. 4:20-CV-01474, 2022 WL 2712860 (S.D. Tex. July 13, 2022) ("ExxonMobil and XTO should not be considered a single employer.").

### ii. Murray fails to plead a prima facie case of age discrimination under the ADEA.

As for XTO, Murray's claim under the ADEA likewise fails because he lacks a prima facie case for age discrimination. Murray omits any direct evidence of age discrimination, so his case falls into the three-step burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015). Under *McDonnell Douglas*, the burden initially rests on the plaintiff, who "must first

6

establish a prima facie case of age discrimination by showing that (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Id.* (citation omitted).

Murray fails to plead sufficient facts to satisfy the fourth factor. Murray was neither replaced by someone outside of the protected class nor someone younger because he was not replaced at all. XTO eliminated every position at Murray's place of employment, but secured a job offer for all workers to continue in the exact same job at the same location for the same benefits. Further, Murray does not demonstrate that he was terminated due to his age. He had the same job termination and subsequent job offer as everyone at his branch.[2] As the Defendants aptly put it, "[c]onsistent treatment is not disparate treatment." (Dkt. #22 at 22). Because Murray does not offer sufficient facts to sustain an allegation that he was replaced or terminated due to his age, he fails to meet his burden to plead a prima facie case. Therefore, the Court must grant Defendants' motion for summary judgment.

---

[2] In his Complaint, Murray alleges that "younger, less experienced employees were offered positions by Defendant." (Dkt. #1 ¶ 16). To support such a claim, Murray would have had to show that XTO "gave preferential treatment to a younger employee under 'nearly identical' circumstances." *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 304 (5th Cir. 2000) (citation omitted). However, Murray presents no such evidence. Meanwhile, Defendants present substantial, uncontroverted evidence that Knight, Espinosa, Williams, and Ellet operated in different roles, had superior performance ratings, or both. *See* (Dkt. #22 at 22–23).

## IV. Conclusion

For the foregoing reasons, it is **ORDERED** that Defendants Exxon Mobil Corporation and XTO Energy, Inc.'s Motion for Summary Judgment and Brief in Support, (Dkt. #22), is **GRANTED**. It is further **ORDERED** that Plaintiff Michael Murray's claims are hereby **DISMISSED with prejudice**.

A final judgment will follow.

**So ORDERED and SIGNED this 29th day of September, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE